# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO   JAVIER   LORENZO CASTELLANOS,<br>(A Number: 216-309-862)<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Case No.  1:26-cv-01411-KES-EGC (HC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 10)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**<br><br>(Doc. 1, 12)<br><br><u>TWENTY-ONE (21) DAY DEADLINE</u> |

Petitioner Francisco Javier Lorenzo Castellano was formerly an immigration detainee.  On February 17, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. (Doc. 1.) On March 23, 2026, Petitioner filed a motion to appoint counsel.[1] (Doc. 10.)  On April 24, 2026, Respondent filed a response indicating Francisco Javier Lorenzo Castellano  had been released and was no longer in custody.  (Doc. 12 at 1, 5.)  The undersigned will therefore recommend the petition be dismissed as moot.

## I.    DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., W. Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984).  A federal court

---

[1] Because the petition has become moot, Petitioner's motion for counsel will be denied as moot.

is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240–41 (1937)).

Here, the instant petition requested immediate release from indefinite detention. Respondent submits that Petitioner was released on March 27, 2026. Respondent requests the petition be dismissed as moot. Because there is no further relief that this Court can provide to Petitioner, the undersigned finds that the petition is now moot.

## II.     ORDER

Petitioner's motion for appointment of counsel (Doc. 10) is DENIED.

## III.     RECOMMENDATION

The Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as moot and the petition for writ of habeas corpus (Doc. 1) be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of

the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE